IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KNOX WHITT and KATHARINA WHITT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES R. POSHARD & SON, INC. and)<br>JONATHAN SHEALEY, )<br>)<br>Defendants. ) | Case No. 3:16-cv-344-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Transfer case filed by Defendant, James R. Poshard & Son, Inc., on March 30, 2016 (Doc. 6) and the Motion to Remand to State Court filed by Plaintiff, Knox and Katharina Whitt, on April 19, 2016 (Doc. 14). For the reasons set forth below, the Motion to Remand is **GRANTIED IN PART and DENIED IN PART** and the Motion to Transfer is **MOOT**.

BACKGROUND

On March 4, 2016, Plaintiffs filed a Complaint in the St. Clair County Circuit Court alleging that they were injured in a truck accident that occurred on US 231 in the State of Indiana. Plaintiffs claim that on March 20, 2014, a truck driven by Jonathan Shealey and owned by James R. Proshard & Son, Inc., crossed the center line of US 231 (a two lane highway) and collided with a truck driven by Knox Whitt. As a result, Mr. Whitt suffered injuries to his face, head (including a closed-head injury), and body, some of which are permanent. Mr. Whitt claims damages in excess of $50,000. Mrs. Whitt asserts a loss of consortium claim and seeks actual damages and costs. Plaintiffs are citizens of Alabama and both Defendants are citizens of Indiana (the

corporation being both an Indiana corporation and having its principal place of business in Indiana). Summons was issued as to both Defendants.

On March 28, 2016, Defendant James R. Proshard & Son, Inc. (hereinafter "Proshard") removed this matter on the basis of diversity jurisdiction. Proshard argues that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. At the time of removal, Defendant Shealey had not filed a return of service and Proshard was not aware, nor did the state court file reveal, that he had been served. In their Motion to Remand, Plaintiffs attach a document indicating that Shealey had been served on March 15, 2016 (Doc. 14-1, p. 2). On May 4, 2016, Shealey entered an appearance (Doc. 21) and was granted leave to file his Answer *instanter* (Docs. 24, 25). When Defendant Shealey sought an extension of the responsive pleading deadline, he indicated that he was served while incarcerated at the Vanderburgh County Jail, that he had not sought out representation from Proshard's attorneys, and that when they found out (upon the filing of the Motion to Remand on April 19, 2016) they contacted him and subsequently arranged to represent him (*See* Doc. 22). On May 20, 2016, Shealey sought to join the Notice of Removal (Doc. 32); the request was granted on May 22, 2016 and construed as a joinder in and consent to removal (Doc. 34).

## DISCUSSION

The removal of a civil action is governed by 28 U.S.C. § 1441, which provides that a civil action filed in State court, over which a district court would have original jurisdiction, may be removed by the defendant to the appropriate district court. The burden is on Defendant to show that removal is proper. *Travelers Property Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). Any doubts with respect to the Court's subject matter jurisdiction should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). In this matter, Defendant

Proshard removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. As noted above, Plaintiffs are citizens of Alabama, Defendant Proshard is a citizen of Indiana (where it is incorporated and where it has its principal place of business, as set forth in 28 U.S.C. § 1332(c)(1)), and Defendant Shealey is likewise a citizen of Indiana. There is no dispute as to the citizenship of the parties. Plaintiffs do dispute, however, whether the amount in controversy requirement and the unanimity rule have been met.

In addition to requiring diverse parties, 28 U.S.C. § 1332 permits jurisdiction when the amount in controversy exceeds "the sum or value of $75,000, exclusive of interests and costs." Defendant bears the burden of demonstrating that the jurisdictional amount is met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In doing so, Defendant must present competent proof, evidence that shows a reasonable probability, that amount in controversy exceeded $75,000 at the time of removal. *Id*. The first place to look in determining this amount is the complaint. *Id*. The Complaint alleges that Mr. Whitt suffered damages in excess of $50,000, an amount that is "unliquidated and not fully ascertainable at this time and [that will be] subject to proffer at trial" (Doc. 101, p. 7). This amount represents $5,000 already incurred in medical expenses, lost wages, as well as future medical care for "painful, progressive, permanent, disabling, and severe" medical conditions (*Id*.). This injuries include "cuts, lacerations, scrapes, to his face and head, and [ ] a closed head injury," damage to the left side of his body, an "impaired and weakened" nervous system, and "loss of sleep, nervousness, mental anxiety, depression and irritability" (*Id*. pp. 6-7). Mrs. Whitt does not state a dollar amount in damages in her loss of consortium claim (*Id*. pp. 9-10).

Defendant argues that because Mr. Whitt is alleging extensive permanent injuries, lost wages, and has not stipulated that the amount he seeks is $75,000 or less, it has "sufficiently

established the requisite amount in controversy." As to Mrs. Whitt, Defendant argues that she also has not stipulated to seeking less than the jurisdictional amount. Finally, Defendant also argues that their claims can be aggregated to reach the jurisdictional amount. Defendant presents no evidence that it is reasonably probable that Plaintiff's damages will be in excess of $75,000. Indeed, a "Release of All Claims," signed by Mr. Whitt in relation to the accident appears to indicate that he accepted $5,500 in exchange for releasing Defendants from liability (Doc. 42-1, p. 1). And, even if the sticky issue of aggregation of claims would be resolved as Defendant advocates, *See* CHARLES ALAN WRIGHT & ARTHUR R MILLER, 14AA FEDERAL PRACTICE AND PROCEDURE § 3704 (4th ed. 2016), it is wholly unclear whether the value of the Whitt's claims is in excess of $75,000. Therefore, because the jurisdictional amount has not been established, this matter must be remanded for lack of subject matter jurisdiction.

Finally, Plaintiffs seek costs and expenses incurred as a result of removal. 28 U.S.C. § 1447(c). An award of costs and expenses is within the discretion of the Court and may be ordered when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 711 (2005). After a review of the record in this case, costs and expenses will not be awarded. While the Court finds that there is a lack of proof that Plaintiffs' damages are in excess of $75,000, Defendants could reasonably have assumed that Plaintiff was seeking more than that amount in light of the allegations of permanent injuries that were made in the complaint.[1] The reasonableness of this belief is tempered by the small amount that Plaintiffs appeared to have settled for; however, the Court can only assume that dissatisfaction with this amount led to the filing of his suit. The Court also notes that the issue of the amount in controversy could have been easily remedied by Plaintiff: stipulating that the amount is $75,000

---

[1] It should be noted that according to Plaintiffs, other persons who were injured in the same accident had their claims adjudicated in the United States District Court for the Southern District of Indiana (Doc. 1-1, p. 8).

or less would have resolved the issue sooner and limited the cost and expense of litigating in federal court.

In light of these conclusions the Motion to Transfer Case is **MOOT** (Doc. 6).

### Conclusion

For the foregoing reasons, Motion to Transfer case filed by Defendant, James R. Poshard & Son, Inc., on March 30, 2016 (Doc. 6) is **MOOT** and the Motion to Remand to State Court filed by Plaintiff, Knox and Katharina Whitt, on April 19, 2016 (Doc. 14) is **GRANTED IN PART** as to remand and **DENIED IN PART** as to costs.

This matter is **REMANDED** to the Circuit Court of St. Clair County, Illinois.

**DATED: November 21, 2016**

*(signature)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**